UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1662-DMG (JEMx)** | Date | March 5, 2020 |
|---|---|---|---|
| Title | ***Daniela Hernandez v. PIH Health, Inc.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On February 20, 2020, Plaintiff Daniela Hernandez filed a Class Action Complaint against Defendant PIH Health, Inc. for (1) negligence, (2) intrusion into private affairs, (3) breach of express contract, (4) breach of implied contract, (5) negligence per se, (6) breach of fiduciary duty, (7) violation of California Confidentiality of Medical Information Act, and (8) violation of California Unfair Competition Law ("UCL"). [Doc. # 1.]

The Complaint asserts that this Court has subject matter jurisdiction over this case "because the Plaintiff asserts claims that necessarily raise substantially disputed federal issues under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801." Compl. at ¶ 2. This assertion apparently refers to Plaintiff's negligence, negligence *per se*, breach of fiduciary duty, and UCL claims, which are premised on duties allegedly established by HIPAA, the FTCA, and the Gramm-Leach-Bliley Act ("GLBA").

"[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331). No private rights of action are authorized under HIPAA, the FTCA, and the GLBA. *See, e.g.*, *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."); *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009), *aff'd sub nom. Diessner v. Mortg. Elec. Registration Sys., Inc.*, 384 F. App'x 609 (9th Cir. 2010) ("[T]here is no private right of action under the FTCA[.]"); *Long v. Deutsche Bank Nat. Tr. Co.*, No. CV 10-00359-JMS (KSx), 2011 WL 5079586, at *19 (D. Haw. Oct. 24, 2011) ("[T]he GLBA does not provide for a private right of action."). Accordingly, the Complaint does not state claims arising under federal laws.

Federal question jurisdiction premised on a state law claim would be proper only if Plaintiff also shows that the federal issue is "actually disputed and substantial," and "a federal forum may entertain [the issue] without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Plaintiff has not made such a showing. Nor has Plaintiff shown that the Court has diversity jurisdiction over the matter, given the allegation that both Plaintiff and Defendant are citizens of the State of California. *See* Compl. at ¶¶ 16-17.

In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff shall file her response by no later than **March 12, 2020. Failure to file a timely and satisfactory response will result in the dismissal of this action.**

**IT IS SO ORDERED.**